FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 MAR 24 PM 4:23
CLERK R.Ouk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

NATHANIEL SMITH THURSTON, JR.,

Plaintiff,

v.

CIVIL ACTION NO.: CV210-138

BUREAU OF PRISONS; UNITED
STATES OF AMERICA; and H.
LAPPIN, Director, Bureau
of Prisons,

Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a cause of action, ostensibly pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., contesting certain conditions of his confinement. The undersigned informed Plaintiff that the claims he set forth in his Complaint appeared to be unrelated and directed Plaintiff to advise the Court as to which related claims he wished to pursue. Plaintiff responded to that Order.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines

v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a pro se litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that his claims are related, as they arise out of the same occurrence—the United States of America's continual custody over him. Contrary to Plaintiff's assertion, however, his claims are not related to each other. His Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 20(a) (a plaintiff may

2

not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.").

Additionally, Plaintiff contends that the United States of America is the only entity he named as a Defendant, and he does not understand why the Clerk of Court entered the Bureau of Prisons and Harley Lappin as named Defendants. The FTCA allows the United States to be sued in the same manner as a private individual. 28 U.S.C. § 2674. The purpose of the FTCA is to "'provide redress for ordinary torts recognized by state law.'" Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (quoting Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813 (1976). As Plaintiff's contentions are based on alleged constitutional violations, he cannot sustain an FTCA claim against the United States of America. Likewise, Plaintiff cannot sustain a cause of action pursuant to Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against the United States of America based on contentions of constitutional violations. FDIC v. Meyer, 510 U.S. 471, 485-86 (1994) (the proper defendants in a Bivens lawsuit are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** without prejudice

**SO REPORTED** and **RECOMMENDED**, this 24th day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE